Exp. # 2121

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| IN RE: MARILYN DELGADO PEREZ | CIVIL NO. 21-01893 MCF |
|---|---|
| Debtor | Chapter 13 |

**OBJECTION TO CONFIRMATION OF PLAN DATED 6/21/2021**

TO THE HONORABLE COURT:

COMES NOW secured creditor BANCO POPULAR DE PUERTO RICO ("Banco Popular" or "BPPR") represented by the undersigned attorney and respectfully sets forth and prays:

1. June 21, 2021, Debtor filed a voluntary bankruptcy petition pursuant to the provisions of 11 U.S.C. Chapter 13. *See* Docket 1.

2. On the same date, Debtor filed a Chapter 13 Payment Plan (the Plan). *See* Docket 2.

3. On July 6, 2021, Movant filed its Proof of Claim, which relates to the account ending in number 6581, a secured matured mortgage loan. *See* Claim 4.

4. Banco Popular objects to the confirmation of the Plan for failure to comply with sections 1322(b)(3), 1325(a)(1), 1325(a)(5) and 1327 of the Code. "[T]he Court shall confirm a Plan if it complies with the provisions of this Chapter and other applicable provisions of this title"; besides, if the holder of such claim has accepted the plan. 11 U.S.C. §1325.

5. The Plan includes a provision for BPPR's Claim 4 to be paid through an alleged ongoing process of loss mitigation with BPPR, to be finalized during the first 180 days from the filing of the Plan; and an unclear alternative to amend the plan if the loss mitigation process cannot be finalized in such timeframe. *See* Docket 2.

6. BPPR informs that there is not any active loss mitigation process related to Claim 4. Prior to the voluntary petition, on April 14, 2021, a meeting with the loss mitigation department was scheduled, but the Debtor did not answer multiple attempts to reach her and no further meeting was held. The information included in Section 8.3: "Debtor is in the process of a Loss Mitigation with creditor BPPR" is not accurate.

7. The secured pre-petition amount due for this 48 months plan is for $183,406.43, and plan has a base amount of $8,400.00.

8. BPPR also objects the ambiguity of the proposed treatment for Claim 4 in the case that Debtor cannot reach a loss mitigation alternative in 180 days from the filing of the Chapter 13 plan. The suggested amendment of the plan to include "the appropriate provision" is not clear enough.

9. Taking into consideration the plan's base, it is unrealistic that Debtor will amend the Plan's base to increase it over 24 times to cover for Claim 4 (and the administrative costs which that alternative carries with). In the other hand, the alternative of selling the property will probably not be enough to cover for Claim 4. A lift of the stay seems like the only reasonable option in the event that a loss mitigation alternative is not achieved.

10. BPPR, therefore, requests that the 180 days' timeframe begins with the filing of the voluntary petition.

11. Also, BPPR suggests an alternative language for the unclear "appropriate provision", to a consent to the lift of the stay if a loss mitigation alternative could not be reached in 180 days from the filing of the petition.

WHEREFORE, for what has been above stated, Banco Popular objects to the confirmation of the Plan at Docket 2.

**NOTICE**
Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE**
I hereby certify that on this date copy of this motion has been electronically filed with the Clerk of the Court using the CM/ECF system which will sent notification of such filing to debtor(s) attorney and to **ALEJANDRO OLIVERAS RIVERA**, US Chapter **13** Trustee, and also certify that I have mailed by United State Postal Service copy of this motion to non CM/ECF participant at their address of record in this case.

Exp. # 2121

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on the 7th day of July, 2021.

**COLÓN SANTANA & ASOCIADOS, CSP**
Attorney for Banco Popular de Puerto Rico
315 Coll & Toste, San Juan, PR 00918
Tel: 787-763-4111/Fax: 787-766-1289

***s/ Kevin Miguel Rivera-Medina***
USDC-PR No. 223914
e-mail: kmrquiebras@gmail.com