## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

IN RE:                                        *

                                              *   **CASE: 21-01893 MCF**

**MARILYN DELGADO PEREZ**                     *

                                              *   **CHAPTER 13**

Debtor (s) _____   *

### NOTICE OF AMENDMENT OF PAYMENT PLAN

**TO THE HONORABLE COURT:**

   **COMES NOW** debtor through her legal representation and very respectfully states as follows:

1. That debtor filed for relief under 11 U.S.C Chapter 13 of the Bankruptcy Code on June 21th, 2021.

2. On October 22, 2021 Trustee filed an unfavorable report on confirmation of plan alleging the plan fail to provide for the following:

   a. **Plan does not provide for the secured portion filed by AAA claim 6.**

   b. **Part 3.1 does not disclose the monthly payment to BPPR mortgage. Also, check box as to who will pay the current mortgage payment was check marked that will be paid by Trustee. The amount of arrears has not been included.**

   c. **Objection to confirmation filed by BPPR, requesting the lift of stay and an alternative language for appropriate provision" be disclose on part 8.3 of the plan to be revised by debtor.**

3. Debtor requested Loss Mitigation with creditor Banco Popular in hopes
to modify her mortgage loan or obtain a refinance of the mortgage
loan. After the bank reviewed Debtor's request, it was denied by the
investor of the loan. Debtor's attorney in conversation with attorney for
creditor Banco Popular, Kevin M Rivera Medina, established that
Banco Popular will allow Debtor a time frame of 180 days after the
confirmation of the Chapter 13 plan to cure all the arrears or to sell the
property. If Debtor does not comply within the 180 days, the Stay over
the property located at Estancias Del Verde, Calle 2 #79, Rio Grande
PR will be lifted in favor of BPPR.

4. Debtor is filling an amended Chapter 13 plan to provide for the
surrender of the security deposit to AAA in Section 3.5 of the plan and
to include the provision to BPPR regarding the claim 4 of the mortgage
arrears in Section 8.3 of the plan. Also, debtor will amend schedule I to
correct the income since Debtor is no longer working and her income is
from social security benefits. We also are including the income of her
mother and brother since they live in the house and help with the
household expenses.  The schedule J will be amended to delete the
mortgage payment and to correct the household expenses.

5. Attached to this notice, debtor respectfully submit amended Chapter 13
payment plan.

### *21 DAYS NOTICE*

Within twenty-one (21) days after service as evidence by the certification, and an
additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail,
any party against whom this paper has been served, or any other party to the action who
objects to the relief sought herein, shall serve and file an objection or other appropriate
response to this paper with the Clerk's office of the U.S Bankruptcy Court for the District
of Puerto Rico. If no objection or other response is filed within the time allowed herein,
the objection will be deemed unopposed and may be granted unless: (1) the requested
relief is forbidden by law. (2) The requested relief is against public policy; or (3) in the
opinion of the Court, the interest of justice requires otherwise. If you file a timely

response, the court may-in its discretion-schedule a hearing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this same date I electronically filed the foregoing document with the clerk of the court using the CM/ECF System which will sent notification of such filing to the following: Chapter 13 Trustee, US Trustee and to all creditors registered to said system. On this same date, I have sent copy of said document by regular mail to all parties in interest that are non-CM/ECF participants as of the creditor matrix attached hereto. This certificate of service is filed to comply with the Honorable Court's General Order 03-01 that requires that this certificate of service be filed no later than three (3) days after the service of the plan referred to above.

**RESPECTFULLY SUBMITTED.**

I HEREBY CERTIFY: On this same date I have filed this motion electronically with the Clerk of the Court using CM/ECF systems which will send notification of such to the Chapter 13 Trustee and that we have sent copy of this document through regular mail to all non-CM/ECF participants interested parties to their address of record.

In Juncos, Puerto Rico this 31TH day of March of 2022.

ADELA   L   TORRUELLA   LAW
OFFICE, PSC
PO BOX 4040 SUITE 305

JUNCOS, PR 00777
Tel: (787)713-1892
Cel: (787) 648-2335
adela4za@yahoo.com
ELECTRONICALLY FILED
S/ Adela L Torruella,
USDC- PR 200203

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In Re:<br>**MARILYN DELGADO PEREZ**<br><br>**xxx-xx-4795** | Case No.: **21-01893 MCF**<br><br>Chapter 13<br><br>☑ Check if this is a pre-confirmation amended plan<br><br>☐ Check if this is a post confirmation amended plan<br>Proposed by:<br>☑ Debtor(s)<br>☐ Trustee<br>☐ Unsecured creditor(s) |

Puerto Rico Local Form G

Chapter 13 Plan dated *March 31, 2022*

If this is an amended plan, list below the sections of the plan that have been changed.
PART 3.1 TO DELETE DIRECT PAYMENT TO BPPR
PART 3.5 TO PROVIDE SURRENDER FOR SECURITY DEPOSIT OF AAA
PART 8.3 TO INCLUDE LANGUAGE OF CLAIM 4 TO BPPR

## PART 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## PART 2: Plan Payments and Length of Plan

2.1    Debtor(s) will make payments to the trustee as follows:

| Debtor | **MARILYN DELGADO PEREZ** | | Case number | **21-01893 MCF** |

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| **$200.00** | Months 1 through 42 | **$8,400.00** | |
| Subtotals | 42 Months | **$8,400.00** | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**    Regular payments to the trustee will be made from future income in the following manner:

*Check all that apply*
- ☐ Debtor(s) will make payments pursuant to a payroll deduction order.
- ☑ Debtor(s) will make payments directly to the trustee.
- ☐ Other (specify method of payment): _____

**2.3**    Income tax refunds:

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

**2.4**    Additional payments:

*Check one.*
- ☑ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## PART 3: Treatment of Secured Claims

**3.1**    Maintenance of payments and cure of default, if any.

*Check one.*
- ☑ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2**    Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.

*Check one.*
- ☑ None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3**    Secured claims excluded from 11 U.S.C. § 506.

*Check one.*
- ☑ None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4**    Lien Avoidance.

*Check one.*
- ☑ None. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**    Surrender of collateral.

*Check one.*
- ☐ None. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
- ☑ The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| AAA | SECURITY DEPOSIT |
| PRIMERA COOPERATIVA | SHARES: PRIMERA COOPERATIVA |

| Debtor | **MARILYN DELGADO PEREZ** | Case number | **21-01893 MCF** |
|---|---|---|---|

*Insert additional claims as needed.*

3.6     **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**

☐ Payments pursuant to 11 USC §1326(a)(1)(C):

| *Name of secured creditor* | *$ Amount of APMP* | *Comments* |
|---|---|---|
| **-NONE-** | | |

*Insert additional claims as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7     **Other secured claims modifications.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

## PART 4: Treatment of Fees and Priority Claims

4.1     **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2     **Trustee's fees**
Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3     **Attorney's fees**

*Check one.*

☑ **Flat Fee:** Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

☐ **Fee Application:** The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| Attorney's fees paid pre-petition: | $ 112.00 |
|---|---|
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ 3,888.00 |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ |

4.4     **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

4.5     **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced*

4.6     **Post confirmation property insurance coverage**
*Check one.*

| Debtor | **MARILYN DELGADO PEREZ** | Case number | **21-01893 MCF** |
|---|---|---|---|

☑ None. *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

**5.1**   **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

☐ The sum of $ _____ .
☐ _____% of the total amount of these claims, an estimated payment of $_____ .
☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.
☐ If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____ .

**5.2**   **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ None. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**   **Other separately classified nonpriority unsecured claims.**
*Check one.*

☑ None. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

**6.1**   The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☑ None. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1**   **Property of the estate will vest in the Debtor(s) upon**
*Check the appliable box:*
☐ Plan confirmation.
☑ Entry of discharge.
☐ Other: _____

**7.2**   **Plan distribution by the trustee will be in the following order:**
(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)

| Debtor | **MARILYN DELGADO PEREZ** | Case number | **21-01893 MCF** |
|--------|---------------------------|-------------|------------------|

6. Distribution on Unsecured Claims (Part 5. Section 5.3)
7. Distribution on General Unsecured claims (Part 5. Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

8.1    Check "None" or list the nonstandard plan provisions

☐    None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

8.2 This Section modifies LBF-G, Part 3: Retention of Lien: The lien holder of any allowed secured claim, provided for by the plan, in its Part 3, will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) & (II).

8.3 Treatment to Banco Popular de Puerto Rico's claim #4 . Trustee will not make any disbursement to claim 4 of BPPR. From the confirmation of the Chapter 13 plan, Debtor has 180 days to sell the property or cure all arrears to BPPR mortgage. If Debtor does not comply within the 180 days' time-frame, the stay over the property located at Estancias Del Verde, Calle 2 #79, Rio Grande PR will be lifted in favor of BPPR.

*Insert additional lines as needed.*

## PART 9: Signature(s)

/s/ ADELA L TORRUELLA                          Date  *Marzo 31 de 2022*
**ADELA L TORRUELLA USDCPR200203**
**Signature of Attorney of Debtor(s)**

/s/ MARILYN DELGADO PEREZ                       Date  *Marzo 31 de 2022*
**MARILYN DELGADO PEREZ**

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

MARILYN  DELGADO  PEREZ
HC 5 BOX 8708
RIO GRANDE PR 00745-9803

MACYS
BANKRUPTCY PROCESSING
PO BOX 8053
MASON OH 45040

ADELA  L  TORRUELLA
ADELA  TORRUELLA LAW OFFICES PSC
PO BOX 4040
SUITE 305
JUNCOS, PR 00777

MONEY  EXPRESS
PO BOX 11890
SAN JUAN PR 00922-1890

AAA
PO BOX 70101
SAN JUAN PR 00936-8101

PRIMERA  COOPERATIVA
PO BOX 25039
SAN JUAN PR 00928-5039

BPPR
BANKRUPTCY DEPARTMENT
PO BOX 366818
SAN JUAN PR 00936-6818

PRIMERA  COOPERATIVA
RR 37 BOX 1835
SAN JUAN PR 00926-9729

COMENITY  BANK
BANKRUPTCY DEPARTMENT
PO BOX 183043
COLUMBUS OH 43218-3043

DISCOVER  BANK
DISCOVER PRODUCTS INC
PO BOX 3025
NEW ALBANY OH 43054-3025

FED  LOAN
SERVICING CREDIT
PO BOX 60610
HARRISBURG PA 17106-0610

IRS
PO BOX 7346
PHILADELPHIA PA 19101-7346

ISLAND  FINANCE
PO BOX 195369
SAN JUAN PR 00919-5369